UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY O'NEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. NO.: 1:22-cv-10579 |
| | ) |
| THE RAYMOND CORPORATION | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, The Raymond Corporation ("Raymond") hereby removes the above-captioned action from the Bristol County Superior Court, Massachusetts, to the United States District Court for the District of Massachusetts. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Raymond states the following:

**STATE COURT LAWSUIT**

1.  This case involves a Massachusetts individual, Kimberly O'Neill, who allegedly sustained injuries to her leg arising from her use of an allegedly defective stand-up lift, which Plaintiff alleges was manufactured by Raymond. On January 26, 2022, Plaintiff filed suit against Raymond in the Bristol County Superior Court, Massachusetts, Civil Action No. 2273CV0078C. *See* Plaintiff's Summons and Complaint (Ex. A).

2.  Raymond now removes this case to this Court based on diversity jurisdiction.

**GROUNDS FOR REMOVAL**

3. This action is removable pursuant to 28 U.S.C. § 1441. As set forth herein, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**I.  Minimal Diversity Requirement.**

4. <u>Minimal Diversity Requirement</u>. As alleged in Plaintiff's Complaint, this action is between citizens of different states. (Ex. A).

5. Upon information and belief, including the representation on the face of Plaintiff's Complaint, Plaintiff is a citizen of Massachusetts. (Ex. A, ¶ 2).

6. Raymond is a citizen of a foreign state. Specifically, Raymond is a corporation formed under the laws of New York, with its principal place of business in New York and, therefore, is a citizen of New York for purposes of determining diversity of citizenship.

7. Accordingly, there is complete diversity among Plaintiff and Raymond, and removal is proper under 28 U.S.C. § 1332(a)(1).

**II.  Amount in Controversy Requirement.**

8. Plaintiff's Complaint does not specify a specific amount damages requested.

9. However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). When the complaint does not state the amount in controversy, "the defendant's notice of removal may do so." *Id.* at 84. A defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. In determining the amount in controversy, the Court should

not rely upon the civil cover sheet because "civil cover sheets are inherently imprecise, and the extent of a civil cover sheet's role in determining the amount in controversy is not settled in [the First] Circuit." *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 324 (D. Mass. 2016).

10. Here, Plaintiff alleges that she "suffered serious injuries, including a severe and permanent disability, suffered great pain physically and mentally, and incurred expenses for medical attention and hospitalization." (*See, e.g.*, Ex. A, ¶ 8). Raymond asserts that the amount in controversy exceeds $75,000 based upon the injuries asserted in Plaintiff's Complaint. *See, e.g.*, *Bourg v. Cajun Cutters, Inc.*, 174 So. 3d 56 (La. Ct. App. 2015) (noting a jury award of $250,000 in damages resulting from a left foot being crushed).

11. Accordingly, Raymond has plausibly alleged that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). Therefore, the jurisdictional amount is satisfied in this case, and removal is proper under 28 U.S.C. § 1332 (a)(1).

## PROCEDURAL REQUIREMENTS

12. <u>Timeliness of Removal</u>. This Notice of Removal is timely because it is being filed within 30 days of Raymond receiving, through service or otherwise, a copy of Plaintiff's Complaint. 28 U.S.C. § 1446(b)(1). Raymond was served through its registered agent, CSC, by certified mail on March 28, 2022.

13. <u>Removal to Proper Court</u>. This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, Bristol County, Massachusetts. 28 U.S.C. §§ 1441(a), 1446(a).

14. <u>Filing and Service</u>.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the Bristol County Superior Court, Massachusetts and served on all counsel of record.

15. <u>Pleadings and Process</u>.  All process, pleadings, or orders in this action are attached as Exhibit B.  *See* 28 U.S.C. § 1446(a).

16. Raymond reserves all of its rights and defenses, including without limitation those rights and defenses under Fed. R. Civ. P. 12 and will timely respond to the Plaintiff's Complaint in accordance with Fed. R. Civ. P. 81.

Respectfully submitted this 18th day of April, 2022.

        THE RAYMOND CORPORATION

        By Its Attorneys,

        CAMPBELL CONROY & O'NEIL, P.C.

        */s/ Trevor J. Keenan*
        James M. Campbell (BBO #541882)
        jmcampbell@campbell-trial-lawyers.com
        Trevor J. Keenan (BBO #652508)
        tkeenan@campbell-trial-lawyers.com
        20 City Square, Suite 300
        Boston, MA 02129
        P:  617-241-3000
        F:  617-241-5115

## **CERTIFICATE OF SERVICE**

  On April 18, 2022, I, Trevor J. Keenan, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

           */s/ Trevor J. Keenan*
           Trevor J. Keenan