## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2273CV00078

KIMBERLY O'NEILL, PLAINTIFF(S),

v.

THE RAYMOND CORPORATION, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO The Raymond Corporation c/o Corporation Service Company (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Bristol Superior Court, 9 Court Street, Rm 13, Taunton, MA 02780 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: J. Michael Conley, Esq., Kenney & Conley, PC, 100 Grandview Rd Ste 218, Braintree, MA 02184

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rulesofcourt.

#1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                       SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO.: 2273CV0078C

KIMBERLY O'NEILL,

*Plaintiff,*                                       BRISTOL, SS SUPERIOR COURT
                                                   FILED
V.
                                                   JAN 2 6 2022
THE RAYMOND CORPORATION,
                                                   MARC J. SANTOS, ESQ.
*Defendant.*                                       CLERK/MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is a negligence and breach of warranty action for personal injury arising from an incident in Fall River, Bristol County, Massachusetts, on January 27, 2019.

2. The Plaintiff, Kimberly O'Neill, resides at 2000 Bay Street, Fall River, Bristol County, Massachusetts. In January 2019, Ms. O'Neill was an employed at the Amazon Distribution Center located at 1180 Innovation Way, Fall River, Bristol County, Massachusetts.

3. The Defendant, The Raymond Corporation ("Raymond"), is a New York corporation headquartered at 22 S. Canal Street, Greene, Chenango County, New York.

4. The Defendant, Raymond, was the manufacturer and distributor of a stand-up lift sold to Ms. O'Neill's employer and utilized in the Distribution Center.

5. On January 27, 2019, Ms. O'Neill was operating the lift when she lost control and fell outside of the lift which ran over her left foot causing a severe crushing injury.

6. The subject lift was defectively designed and unreasonably dangerous for foreseeable use in that it:

    a. Lacked protective features to prevent users from falling from or stepping outside the lift.

    b. Lacked adequate on-machine warnings and instruction.

    c. Lacked adequate features to ensure that the unit would stop when its user was in unsafe position.

    d. Lacked adequate wheel guarding.

7. Ms. O'Neill's injuries resulted in whole or in part from the negligence and breach of warranty on the part of the Defendant providing a defectively designed lift, and in failing to adequately instruct, direct or warn users to ensure safe use of the machine. Feasible economical alternative design(s), including guarding and adequate on-product warnings would have reduced or eliminated the danger and prevented Ms. O'Neill's injury.

8. As a result, the Plaintiff, Kimberly O'Neill, suffered serious injuries, including a severe and permanent disability, suffered great pain physically and mentally, and incurred expenses for medical attention and hospitalization.

9. All conditions precedent to this action have been satisfied or have occurred.

## FIRST CAUSE OF ACTION

10. The First Cause Of Action is an action by Kimberly O'Neill against The Raymond Corporation for negligence resulting in personal injury.

## SECOND CAUSE OF ACTION

11. The Second Cause Of Action is an action by Kimberly O'Neill against The Raymond Corporation for breach of warranty resulting in personal injury.

WHEREFORE, the Plaintiff, Kimberly O'Neill, demands judgment against the Defendant, The Raymond Corporation in an amount that is fair, together with interest and costs, and any other relief to which Camden Francis may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

                                      Respectfully submitted,

                                      **KIMBERLY O'NEILL,**
                                      By counsel,

                                      */s/ J. Michael Conley*
                                      _____
                                      J. Michael Conley  BBO# 094090
                                      Kenney & Conley, P.C.
                                      100 Grandview Road, Suite 218
                                      Post Office Box 9139
                                      Braintree, MA  02185-9139
                                      781-848-9891
                                      michael@kenneyconley.com

Dated:  January 26, 2022

#2

| Save as PDF | | | Reset |
|---|---|---|---|
| **CIVIL ACTION COVER SHEET** | DOCKET NUMBER 2273CV0018C | | **Trial Court of Massachusetts** <br> **The Superior Court** |
| | Help-Party Information | COUNTY | Bristol Superior Court (Fall River) |
| Plaintiff: KIMBERLY O'NEILL | | Defendant: THE RAYMOND CORPORATION | |
| ADDRESS: 2000 BAY STREET, FALL RIVER, MA | | ADDRESS: 22 S. CANAL STREET, GREENE, NY | |
| | | | **BRISTOL, SS SUPERIOR COURT** <br> **FILED** |
| Plaintiff Attorney: J. MICHAEL CONLEY, ESQ. | | Defendant Attorney: | |
| ADDRESS: KENNEY & CONLEY, P.C. | | ADDRESS: | **JAN 2 6 2022** |
| 100 GRANDVIEW ROAD, SUITE 218, BRAINTREE, MA | | | |
| | | | **MARC J. SANTOS, ESQ.** |
| BBO: 094090 | | BBO: | **CLERK/MAGISTRATE** |
| | | | Add Parties / Remove Par |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | OTHER NEGLIGENCE / Personal Injury | F | ● YES ○ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ○ YES  ● NO

Is there a class action under Mass. R. Civ. P. 23?  ○ YES  ● NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money dam For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses — $9,806.59
  2. Total doctor expenses — $11,865.09
  3. Total chiropractic expenses — $0.00
  4. Total physical therapy expenses — $7,897.00
  5. Total other expenses (describe below) — $4,107.68
     Ambulance, Visiting Nurse Association
                                                   Subtotal (1-5): $33,676.36

B. Documented lost wages and compensation to date (as of 6.16.2021) — $33,958.97

C. Documented property damages to date —

D. Reasonably anticipated future medical and hospital expenses — TBD

E. Reasonably anticipated lost wages — TBD

F. Other documented items of damages (describe below)

                                                   TOTAL (A-F): $67,635.33

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff suffered severe crushing injury to her left foot, has underwent several courses of therapy and requires the use of a walking aid. She is being referred to a neurologist to assess nerve damage and possible vascular complications caused by injury

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | | Total |
| | | Add Claim / Delete C |

Signature of Attorney/Unrepresented Plaintiff: X /s/ J. Michael Conley    Date: 01-26-2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION PURSUANT TO S JC RULE 1:18

CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute reso

| Signature of Attorney/Unrepresented Plaintiff: X /s/ J. Michael Conley | Date: 01-26-2022 |
|---|---|

SC0001: 1/22/2021     www.mass.gov/courts     Date/Time Printed:09-28-2021 1

[ Save as PDF ]     [ Reset ]

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| Code | Description |
|---|---|
| C01 | Land Taking |
| C02 | Zoning Appeal, G.L. c. 40A |
| C03 | Dispute Concerning Title |
| C04 | Foreclosure of a Mortgage |
| C05 | Condominium Lien & Charges |
| C99 | Other Real Property Action |

### MC Miscellaneous Civil Actions

| Code | Description |
|---|---|
| E18 | Foreign Discovery Proceeding |
| E97 | Prisoner Habeas Corpus |
| E22 | Lottery Assignment, G.L. c. 10, § 28 |

### AB Abuse/Harassment Prevention

| Code | Description |
|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A |
| E21 | Protection from Harassment, G.L. c. 258 |

### AA Administrative Civil Actions

| Code | Description |
|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A |
| E03 | Certiorari Action, G.L. c. 249, § 4 |
| E05 | Confirmation of Arbitration Awards |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 |
| E08 | Appointment of a Receiver |
| E09 | Construction Surety Bond. G.L. c. 149, §§ 29, 29A |
| E10 | Summary Process Appeal |
| E11 | Worker's Compensation |
| E16 | Auto Surcharge Appeal |
| E17 | Civil Rights Act, G.L. c.12, § 11H |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) |
| E25 | Pleural Registry (Asbestos cases) |
| E94 | Forfeiture, G.L. c. 265, § 56 |
| E95 | Forfeiture, G.L. c. 94C, § 47 |
| E99 | Other Administrative Action |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B |
| Z02 | Appeal Bond Denial |

### SO Sex Offender Review

| Code | Description |
|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) |

### RC Restricted Civil Actions

| Code | Description |
|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178N |
| E27 | Minor Seeking Consent, G.L. c.112, § 1: |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as neces statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, includi statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**